SCHELL, APPELLEE, *v.* GLOBE TRUCKING, INC.; MAYFIELD, ADMINISTRATOR, APPELLANT.

[Cite as Schell *v.* Globe Trucking, Inc. (1990), 48 Ohio St. 3d 1.]

(No. 88-1372 — Submitted September 19, 1989 — Decided January 3, 1990.)

*Gallon, Kalniz & Iorio Co., L.P.A.,* and *Theodore A. Bowman; Stewart R. Jaffy,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Dennis L. Hufstader* and *Jeffery W. Clark,* for appellant.

*Vorys, Sater, Seymour & Pease, Russell P. Herrold, Jr.,* and *Robert A. Minor,* urging reversal for *amicus curiae,* Ohio Manufacturers Association.

FAIN, J. The question we decide in this case is whether a workers' compensation claimant who is claiming the right to participate in the State Insurance Fund as a result of an aggravation of a pre-existing condition must prove that the aggravation is "substantial," and, if so, what "substantial" means in that context. The appellant administrator has not taken a position on this question; he has simply urged that this court should decide this issue and adopt a uniform standard throughout the state.

For the reasons that follow, we hold that a workers' compensation claimant who has proven a work-related aggravation of a pre-existing condition is not required to prove that the aggravation is substantial in order to be entitled to a determination of the extent of his participation in the State Insurance Fund.

I

The parties have stipulated that the truck accident that allegedly aggravated Schell's pre-existing cervical and lumbar stenosis with spondylosis occurred within the course and scope of Schell's employment.

The trial court found that Schell did not have any symptoms relating to his pre-existing stenosis and spondylosis prior to the work-related accident.

The *amicus* Ohio Manufacturers Association ("OMA") argues that it is not sufficient for a claimant to prove that his pre-existing condition has been aggravated as a result of a work-related accident. Instead, the OMA contends a work-related aggravation of a pre-existing condition must be "substantial" before it will entitle a claimant to participate in the fund.

Workers' compensation is provided for disabilities resulting from an "injury." "Injury" is defined for this purpose in R.C. 4123.01(C), as follows:

" 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. * * *"

Thus, "injury," for workers' compensation purposes, includes an aggravation of a pre-existing condition. See *Ackerman* v. *Indus. Comm.* (1936), 131 Ohio St. 371, 6 O.O. 85, 3 N.E. 2d 44.

## II

The OMA relies upon *McKee* v. *Elec. Auto-Lite Co.* (1958), 168 Ohio St. 77, 5 O.O. 2d 345, 151 N.E. 2d 540, and *Swanton* v. *Stringer* (1975), 42 Ohio St. 2d 356, 71 O.O. 2d 325, 328 N.E. 2d 794, for the proposition that an aggravation of a pre-existing condition must be "substantial" in order to be compensable. Both of these cases involved a claimed acceleration of a pre-existing disease as a result of a work-related injury. In *McKee,* it was contended that the decedent's death from arteriosclerosis, described in that case as a severe heart disease, was accelerated as a result of an injury to his middle left finger. This court held that the claimant had failed to prove that her decedent's death had been accelerated at all as a result of the work-related injury, and that the testimony offered by the claimant was nothing more than an invitation to speculate on that issue.

In *Swanton* v. *Stringer, supra,* as in this case, a pre-existing condition became disabling as a result of a work-related injury. The medical expert who testified in support of the claimant opined that the work-related injury "might be, figuratively speaking, the straw that broke the camel's back by aggravation of the pre-existing condi-

tion." *Id.* at 360, 71 O.O. 2d at 327, 328 N.E. 2d at 798.

In *Swanton, supra,* as in *McKee, supra,* syllabus law states that a claim of acceleration of a disabling condition requires proof that the disability or death was "accelerated by a substantial period of time" as a result of the injury.

However, acceleration of a disabling condition by an injury is an issue different from aggravation of a pre-existing condition. In the case before us, it is not contended that Schell's work-related injury simply accelerated the arrival of a disabling condition that was bound to occur sooner or later. This court has not previously held that the *extent* of an aggravation of a pre-existing condition, as a result of a work-related injury, must be substantial in order for the employee to participate in the fund with respect to a disability resulting from the aggravation.

## II

Nevertheless, the OMA contends that an aggravation of a pre-existing condition, in order to be compensable, must be substantial, and that "substantial" should mean, in this context, "major, of real importance, of great significance, and not trifling or small." See 3 Ohio Jury Instructions (1988) 365.13, Section 3.

R.C. 4123.01(C) does not require that an injury be of any particular magnitude in order for a claimant to participate in the fund with respect to any disability resulting from the injury. To require that an injury, in the form of an aggravation of a pre-existing condition, must be of a specified magnitude would work a change in the statutory scheme that would best be left to the legislature.[1]

---

[1] We assume that an "aggravation" of a pre-existing condition that was so negligible as not to be of any consequence would not be what the General Assembly had in

## IV

The OMA argues that it would be unfair to permit even a relatively minor work-related aggravation of a pre-existing condition to entitle a claimant to participation in the fund, since the claimant would then be entitled to payments based on the full extent of his disability, including not only the component of his disability corresponding to the work-related aggravation, but also the component corresponding to his pre-existing condition. See *State, ex rel. Republic Rubber Div.,* v. *Morse* (1952), 157 Ohio St. 288, 47 O.O. 176, 105 N.E. 2d 251, a case involving acceleration of death as a result of a work-related injury.

Because a disability must result from a work-related injury to be compensable, R.C. 4123.54, we entertain some doubt as to whether a compensable disability necessarily includes not only the component of disability attributable to the aggravation, but also the component of disability corresponding to the pre-existing condition. However, that question is not before us in this appeal, and must await resolution another day.

But even if it is assumed that the statute provides compensation for both components of disability, and if it is further assumed that, as the OMA argues, that result is unfair to the employer, then the appropriate remedy would be the amendment of the statute by the General Assembly. An injured worker, entitled to *some* compensation as a result of a work-related aggravation of a pre-existing condition, should not, by judicial fiat, be deprived of *any* compensation for that aggravation simply because the General Assembly, in our view, may have been overly generous in determining the amount of compensation.

## V

In conclusion, we hold that a work-related aggravation of a pre-existing condition does not have to be of any particular magnitude in order to entitle the claimant to a determination of benefits under the State Insurance Fund. Accordingly, we conclude that the trial court did not err when it determined that the aggravation in this case did not have to be "substantial" in order to entitle Schell to participate in the fund.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

WRIGHT, J., concurs in the syllabus and judgment only.

MIKE FAIN, J., of the Second Appellate District, sitting for RESNICK, J.

---

mind by the term "injury" for workers' compensation purposes. However, an aggravation of a pre-existing condition having some real adverse effect, even if that effect was relatively slight, would be within our understanding of the definition of "injury" for this purpose.