HANNA, Appellant,

v.

GOODYEAR TIRE AND RUBBER COMPANY, Appellee, et al.

[Cite as *Hanna v. Goodyear Tire & Rubber Co.* (1994), 93 Ohio App.3d 328.]

Court of Appeals of Ohio,
Summit County.

No. 16267.

Decided Jan. 19, 1994.

*Thomas Bevan* and *Keith Bevan,* for appellant.

*Eleanor Tschugunov,* for appellee.

---

COOK, Presiding Judge.

Donald Hanna appeals the trial court's grant of summary judgment to the Goodyear Tire & Rubber Co. ("Goodyear") in this workers' compensation case. The trial court determined that reasonable minds could only conclude that the aggravation of the degenerative arthritis in Hanna's hip was not compensable. The court based its decision on the statutory definition of "compensable injuries," which specifically excludes conditions caused primarily by the natural deterioration of tissue. We reverse because, viewing the evidence in a light most favorable to Hanna, reasonable minds could come to more than one conclusion regarding what caused the aggravation of the arthritis in Hanna's hip and, therefore, a genuine issue of material fact remains to be litigated.

Hanna, a Goodyear employee, was diagnosed with degenerative arthritis of the left hip in May 1989. At that time, Dr. Robert Kepley told Hanna that he would eventually need a hip replacement. Hanna declined to undergo the surgery at that time. He saw Kepley again in June and reported that his hip pain had subsided. In October, Hanna slipped on a wet floor while working at Goodyear and a workers' compensation claim resulting from the fall was allowed for lumbar and left knee strain; it did not include reference to his hip. In December, Hanna returned to Kepley's office complaining of increased hip pain and requested that the hip replacement surgery be scheduled immediately. During this visit, Hanna informed Kepley that the accident at Goodyear had caused the pain in his hip to return.

In 1990, Hanna filed for a further allowance of his workers' compensation claim, asserting that the fall in October aggravated his hip arthritis. This further allowance was approved by the district hearing officer and that decision was affirmed by the Canton Regional Board and the Industrial Commission. Goodyear appealed to the Summit County Court of Common Pleas and moved for summary judgment, arguing that R.C. 4123.01(C)(2), which does not allow claimants to recover for injuries caused primarily by natural deterioration, precluded Hanna from the further allowance for the alleged aggravation. The trial court agreed and granted summary judgment. Hanna appeals the granting of summary judgment in favor of Goodyear.

Goodyear asserts that summary judgment is appropriate because R.C. 4123.01(C)(2) precludes further allowance of Hanna's claim because his treating

physician, Kepley, testified that the degenerative arthritis of the hip resulted primarily from natural deterioration. The statute reads in pertinent part:

" 'Injury' does not include:

" * * *

"(2) Injury or disability caused primarily by the natural deterioration of tissue, an organ, or part of the body[.]" R.C. 4123.01(C)(2).

If Hanna were seeking allowance for the condition of "degenerative arthritis of the hip," Goodyear would be correct. Allowance of an aggravation claim, however, differs from the allowance of the underlying condition. In this case, it is true that the degenerative arthritis would not qualify as an injury under R.C. 4123.01. Hanna specifically sought a further allowance for an *aggravation* of his hip condition caused by a work-related fall, not the hip condition generally. The Ohio Supreme Court held in *Schell v. Globe Trucking, Inc.* (1990), 48 Ohio St.3d 1, 3, 548 N.E.2d 920, 921–922, that an aggravation of a pre-existing condition is an "injury" for workers' compensation purposes. R.C. 4123.01(C)(2) does not foreclose claims where a condition, caused primarily by natural deterioration, is aggravated by a work-related injury.

Kepley's testimony regarding the origin of the arthritis of the hip does not answer the question of what caused the particular aggravation that is the subject of Hanna's claim. A question of fact exists. If the fall aggravated Hanna's hip condition, the workers' compensation scheme provides for an allowance of such aggravation caused by a work-related accident.

"A workers' compensation claimant who has proven a work-related aggravation of a pre-existing condition is not required to prove that the aggravation is substantial in order to be entitled to a determination of the extent of his participation in the State Insurance Fund." *Schell* at syllabus.

Goodyear argues that the *Schell* rationale does not apply to this case because the *Schell* case concerned an injury that took place before R.C. 4123.-01(C) was amended to include the language of R.C. 4123.01(C)(2). Inasmuch as the statute was amended four years prior to the publishing of the *Schell* opinion, we must assume that the Ohio Supreme Court knew that the very statute it analyzed in the opinion had been amended. The rule set out in *Schell*, therefore, is not affected by the amending of R.C. 4123.01(C). Hanna does not have to show that his work-related injury aggravated his hip condition to a substantial degree in order to be entitled to a determination of his right to participate in the Workers' Compensation Fund.

■ The Ohio Supreme Court has said that "[a] motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." (Citation omitted.) *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus. Upon Goodyear's motion, Hanna had the burden of showing that evidence exists that the October fall caused the aggravation of his hip condition. Kepley's testimony supports Hanna's contention that the work-related accident caused the aggravation. In his trial deposition, Kepley stated that, in his opinion, the accident at Goodyear aggravated Hanna's pre-existing hip condition in that it caused Hanna's condition to become symptomatic with increased pain. Kepley also said that the aggravation occurring after the accident caused Hanna to request the major surgery that he had, to that point, declined. Viewing the evidence in a light most favorable to Hanna, Kepley's testimony was sufficient to show that a genuine issue of material fact existed concerning whether Hanna's work-related accident caused the aggravation of his pre-existing condition. Hanna is entitled to a determination of his right to receive workers' compensation benefits for the aggravation of his pre-existing hip condition.

The assignment of error is well taken.

The judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DICKINSON, J., concurs.

QUILLIN, J., dissents.