OPINION
Defendant-appellant, Bureau of Workers' Compensation and Industrial Commission of Ohio ("Bureau"), appeals a decision of the Clermont County Court of Common Pleas, finding that plaintiff-appellee, Debra Rogers Brown, was entitled to participate in the Workers' Compensation Fund.
Brown was employed by Bernens Convalescent Pharmacy, Inc. ("Bernens") as a respiratory therapist. Brown generally worked from 9:00 a.m. until 5:00 p.m. and spent a substantial part of each day travelling to the homes of Bernens' patients to install and monitor respiratory equipment. On January 19, 1993 at approximately 1:05 p.m., Brown was travelling to a patient's home on Jaime Lane in Miami Township, Clermont County. While Brown was stopped and attempting to turn left onto Jaime Lane, her vehicle was struck from behind by another automobile. As a result of the accident, Brown aggravated a preexisting cervical injury.
In July of 1993, Brown left her employment with Bernens. On August 16, 1993, Brown filed a claim for Workers' Compensation for injuries arising out of the automobile accident. After the Industrial Commission denied Brown's claim, she appealed to the Hamilton County Court of Common Pleas pursuant to R.C. 4123.512. The case was subsequently transferred to the Clermont County Court of Common Pleas, and Brown filed a motion for summary judgment. On May 21, 1997, the trial court filed an order granting Brown's motion for summary judgment. Finding no genuine issue of material fact, the trial court held that Brown's injuries occurred in the course of and arose out of her employment with Bernens. Accordingly, the trial court determined that Brown was entitled to participate in the Workers' Compensation Fund.
In the Bureau's sole assignment of error, the Bureau asserts that the trial court erred by granting summary judgment in favor of Brown and finding that she was entitled to participate in the Workers' Compensation Fund. When reviewing a trial court's ruling on summary judgment, an appellate court must follow the standard set forth in Civ.R. 56(C), which provides that summary judgment is appropriate where (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in the light most favorable to the nonmoving party could reach but one conclusion which is adverse to the nonmoving party. Welco Ind. Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344. The reviewing court conducts an independent review of the record and stands in the shoes of the trial court. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440, 445.
In order for an injury to be compensable under the Workers' Compensation Act, the injury must be "received in the course of, and arising out of, the injured employee's employment." R.C.4123.01(C); Bralley v. Daugherty (1980), 61 Ohio St.2d 302, 303. The employee bears the burden to prove both prongs of the test set forth in R.C. 4123.01(C). Fisher v. Mayfield (1990), 49 Ohio St.3d 275,277-278. "The `in the course of' prong is construed to relate to the time, place and circumstances of the injury, while the `arising out of' prong is interpreted as referring to a causal connection between the employment and the injury." Fisher at 277.
An employee is generally "in the course of" employment when the employee is performing the obligations of the employment contract. Indus. Comm. v. Davison (1928), 118 Ohio St. 180, paragraph two of the syllabus; Fletcher v. Northwest Mechanical Contractors, Inc. (1991), 75 Ohio App.3d 466, 471. Pursuant to the "going and coming" rule, an employee is not "in the course of" employment when the employee sustains an injury while travelling to or from a fixed place of employment. Bralley at 302-303. However, "* * * whether the `going and coming' rule should be applied to defeat compensation, depends upon whether the travelling itself was part of the employment, either by virtue of the nature of the occupation or by virtue of the contract of employment." Fletcher at 473. Thus, the "going and coming" rule is not applicable and an employee is acting "in the course of" employment where an employee, who is required to travel as an integral part of his job, sustains an injury while travelling between various job sites to perform services on behalf of his employer. Fletcher at 473-474; Durbin v. Bureau of Workers Compensation (1996), 112 Ohio App.3d 62.
After reviewing the evidence that was before the trial court in a light most favorable to the Bureau, we find that reasonable minds could only conclude that Brown was acting "in the course of" her employment at the time she sustained her injuries. It is undisputed that a substantial part of Brown's job with Bernens required that she travel to patients' homes. At the patients' homes, Brown installed and monitored respiratory equipment on behalf and for the benefit of Bernens. Bernens designated the patients that Brown was to visit each day and reimbursed Brown for her travel expenses.
The unrebutted evidence in the record shows that Bernens sent Brown to visit several patients on January 19, 1993, including Betty Crabtree, who resided on Jaime Lane in Miami Township, Clermont County. Brown testified at her deposition that she had finished working at a patient's house and was travelling to Crabtree's residence when she was rear-ended by another automobile. A police report, which was completed immediately after the accident, shows that Brown was rear-ended by another automobile while she was stopped and attempting to turn left onto Jaime Lane at approximately 1:05 p.m. on January 19, 1993.
The Bureau asserts that an inference can be made that Brown's injuries did not occur "in the course of" her employment, because Brown never reported the accident to Bernens. The evidence as to whether Brown reported the accident to Bernens is conflicting. However, even assuming that Brown failed to report the accident, this fact is insufficient to create a genuine issue of material fact as to whether Brown's injuries occurred "in the course of" her employment. Since Brown's failure to report the accident to her employer is not related to the time, place and circumstances of the accident, it is irrelevant to the determination of whether Brown's injuries occurred "in the course of" her employment. See Rankin v. Thomas Sysco Food Services (Nov. 27, 1996), Hamilton App. No. C-950904, unreported. Accordingly, based upon the uncontested evidence produced by Brown that she was travelling between patients' homes at the time of the accident, we find that reasonable minds could only find that Brown's injuries were sustained in the "course of her employment."
The "arising out of" prong relates to the causal connection between the employment and the injury. Fisher,49 Ohio St.3d at 277. In Lord v. Daugherty (1981), 66 Ohio St.2d 441, syllabus, the court held that:
 Whether there is a sufficient "causal connection" between an employee's injury and his employment to justify the right to participate in the Workers' Compensation Fund depends on the totality of the facts and circumstances surrounding the accident, including, (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.
This list of factors is not exhaustive, but merely illustrative of the factors that need to be considered. Fisher at 279.
After considering the totality of the circumstances in a light most favorable to the Bureau, we also find that Brown's injuries arose out of her employment. The record shows that Brown would not have been at the scene of the accident but for her employment with Bernens. Further, Brown was travelling to perform services on behalf and for the benefit of Bernens at the time of the accident.
The Bureau asserts that the record does not show that Brown suffered a compensable injury as a result of the accident. The extent of an injury is not an issue on appeal. See R.C. 4123.512; Smith v. Krouse (1978), 54 Ohio St.2d 369. Further, an "injury" for workers' compensation purposes includes the aggravation of a preexisting injury. Schell v. Globe Trucking, Inc. (1990),48 Ohio St.3d 1.
The Bureau argues that Dr. Michael Grefer's affidavit and opinion that Brown aggravated a cervical injury as a result of the accident should be disregarded, because his affidavit failed to indicate that his opinion was based on personal knowledge and was silent concerning his competency to testify. However, even if Dr. Grefer's affidavit is disregarded, the Bureau admitted in a response to requests for admission that Brown aggravated a preexisting cervical injury as a result of the automobile accident. Thus, we find that the record demonstrates that Brown suffered a compensable injury as a result of the automobile accident, and there is a sufficient causal connection between Brown's injury and her employment to warrant the conclusion that her injury arose out of her employment.
Based upon the foregoing, we conclude that Brown's injuries occurred in the course of and arose out of her employment with Bernens. Accordingly, the trial court did not err by granting summary judgment in favor of Brown and the Bureau's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.