OPINION
{¶ 1} Defendant-appellant, Sanese Services, appeals from a judgment of the Franklin County Court of Common Pleas denying its motion for judgment notwithstanding the verdict. Because the trial court properly denied Sanese Services' motion, we affirm the trial court's judgment.
{¶ 2} According to plaintiff-appellee, Ronald L. Harmount, on September 3, 1998, he was an employee of Sanese Services and was injured when he lifted material at work. At the time of the injury, plaintiff, who had a pre-existing back condition, experienced low back pain that extended into his right leg. Plaintiff nonetheless continued to work following the September 3 incident until approximately one week later, when plaintiff was taken by emergency squad from Sanese Services' premises to a local hospital for evaluation and treatment due to a complaint of lower back pain that extended into his right leg.
{¶ 3} Plaintiff subsequently was referred to Lewis Seeder, M.D., who, on September 14, 1998, evaluated plaintiff. As a result of his evaluation, Dr. Seeder determined plaintiff had a right L5 radiculopathy, which Dr. Seeder defined as "basically inflammation of the right L5 nerve root going into the right leg." (Seeder Depo., 16.) Dr. Seeder prescribed medication and also recommended magnetic resonance imaging ("MRI") to assess disc structure within plaintiff's back.
{¶ 4} On October 7, 1998, plaintiff underwent an MRI. According to the videotaped deposition testimony of Dr. Seeder, the significant finding of the MRI supported Dr. Seeder's clinical impression that plaintiff had a right L5 radiculopathy. On October 9, 1998, plaintiff was seen by Dr. Seeder for a follow-up appointment; plaintiff still had significant and ongoing pain. Additionally, plaintiff walked with the assistance of a cane, which he had not been using at his first appointment with Dr. Seeder. After reviewing the MRI findings with plaintiff, Dr. Seeder discussed treatment options. Following conservative treatment that was unsuccessful, Dr. Seeder referred plaintiff to Thomas Hawk, M.D., a neurosurgeon, for surgical consideration. In July 1999, Dr. Hawk performed a laminectomy and diskectomy, which resulted in some improvement.
{¶ 5} Plaintiff filed a claim with the Ohio Bureau of Workers' Compensation, seeking a ruling that his radiculopathy was an allowed condition. Plaintiff's claim was allowed by the district hearing officer, but denied by the staff hearing officer on Sanese Services' appeal. Plaintiff appealed to the Ohio Industrial Commission, which refused to consider plaintiff's appeal. Plaintiff then appealed to the common pleas court.
{¶ 6} Prior to a de novo trial in the common pleas court, Gerald Steiman, M.D., performed an independent medical examination of plaintiff. In his written report, which he affirmed in videotaped deposition testimony presented at trial, Dr. Steiman opined that plaintiff's disc disease did not occur as a result of the events of September 3, 1998, but the events of September 3, 1998 substantially aggravated a pre-existing condition.
{¶ 7} During the trial, Sanese Services unsuccessfully moved for a directed verdict. On June 13, 2000, by jury verdict, plaintiff was found to be entitled to participate in the Ohio Workers' Compensation Fund for aggravation of pre-existing right L5 radiculopathy. On June 27, 2000, the trial court entered judgment in favor of plaintiff. Sanese Services moved for judgment notwithstanding the verdict, which the trial court denied by entry filed on October 30, 2001.
{¶ 8} Sanese Services timely appeals, assigning a single error:
{¶ 9} "The trial court erred as a matter of law by refusing to grant Defendant-Appellant Sanese Services' Motion for a Directed Verdict and Motion for Relief from Judgment due to the fact that `radiculopathy' is a `symptom' and not a `condition' and a workers' compensation claim may not be allowed for merely a `symptom.' "
{¶ 10} In reviewing a denial of a motion for judgment notwithstanding the verdict, an appellate court applies the same test it applies in reviewing a motion for a directed verdict. Tulloh v. Goodyear Atomic Corp. (1994), 93 Ohio App.3d 740, 747. "When considering a motion for a directed verdict, a court must construe the evidence most strongly in favor of the party against whom the motion is directed. * * * A court considering a motion for directed verdict must determine not whether one version of the facts presented is more persuasive than another; rather, the court must determine whether the trier of fact could reach only one result under the theories of law presented in the complaint. * * * Where there is substantial competent evidence favoring the nonmoving party so that reasonable minds might reach different conclusions, the motion must be denied." Id. (Citations omitted.) See, also, Aldahan v. Tanksy Sales, Inc. (June 20, 2000), Franklin App. No. 99AP-651 and Shepherd v. Westlake (1991), 76 Ohio App.3d 3, 10.
{¶ 11} Under those parameters, Sanese Services' single assignment of error asserts that because radiculopathy is a symptom, not a condition, the trial court erred in denying Sanese Services' motions for directed verdict and for judgment notwithstanding the verdict. In support of its contention, Sanese Services relies on Foor v. Rockwell Internatl. (Aug. 10, 1993), Licking App. No. 92 CA 109, jurisdictional motion overruled, 68 Ohio St.3d 1410.
{¶ 12} In Foor, Noel Foor appealed a trial court's entry granting summary judgment to the employer, based on a determination that Foor's additional claim for bilateral radiculopathy was merely a symptom of a previously allowed claim for right thoracic myositis. In affirming the trial court's judgment, the Foor court noted appellant identified two expert witnesses to support his claim for an additional allowance for bilateral radiculopathy. The first, Dr. Debra Grayson, D.O., stated that "radiculopathy" is a term referring to pain a patient is experiencing; pain is a symptom rather than a condition. The second expert, Dr. J. Paul Martz, D.O., assessed Foor had thoracic dorsal myositis, and ruled out possible radiculopathy. Because only one of Foor's experts could substantiate appellant's claim of radiculopathy, and that expert stated the term refers to pain, Foor held reasonable minds could only conclude radiculopathy is not a separate injury, but is a symptom flowing from the initial allowed injury of "right thoracic myositis."
{¶ 13} Subsequently, in Hart v. Clow Water Sys./McWayne, Inc. (Nov. 30, 2001), Coshocton App. No. 01-CA-004, the Fifth District Court of Appeals clarified its Foor decision, noting that Foor determined whether the trial court had correctly ruled on a summary judgment motion. Foor affirmed the judgment of the trial court, as no medical evidence indicated radiculopathy was other than a symptom. Hart observed that had other medical data in the trial court indicated radiculopathy was a condition, a material fact in dispute would have precluded summary judgment.
{¶ 14} Unlike Foor, plaintiff here presented competent medical evidence through Dr. Seeder that radiculopathy is a condition, not a symptom. For example, in videotaped deposition testimony, Dr. Seeder testified on direct examination that "[r]adiculopathy is defined as inflammation or injury to a nerve root as it comes out of the spine. It can be in the neck, it can be in the mid back or it can be in the lumbar spine. But it only relates to just the inflammation of the nerve as it comes out of the back." (Seeder Depo., 11.)
{¶ 15} Without question, the record also contains medical evidence that radiculopathy may be considered a symptom. When asked whether plaintiff had preexisting L5 radiculopathy, Dr. Steiman responded, "Well, I'm not going to say he had preexisting L5 radiculopathy. I'm going to say he had preexisting low back problems. I can't say he radiculopathy is a clinical sign. And by history, I don't think he had a radiculopathy. But clearly, he had some pathology within his low back as evidence by that CT scan." (Emphasis added.) (Steiman Depo., 21.)
 {¶ 16} Construing the evidence in favor of plaintiff, reasonable minds might reach different conclusions concerning the dispositive issue: whether radiculopathy is a symptom or condition. If the jury believed Dr. Seeder, it could find radiculopathy is a condition; if it believed Dr. Steiman, it could conclude radiculopathy is a symptom. Reasonable minds could reach different conclusions concerning whether radiculopathy is a symptom or condition.
 {¶ 17} As Hart aptly noted, "[t]he classification of medical diagnosis is not within the realm of a court of law, unless statutory definitions are involved, except that the trier of fact may accept or reject the opinions of experts in determining which opinion is worthy of credence." Id. Here, whether radiculopathy was a symptom or condition was a disputed material fact for the jury's consideration based on the jury's acceptance or rejection of the medical testimony. See Hart, supra. After considering the evidence presented to it, the jury found plaintiff is entitled to participate in the Ohio Workers' Compensation Fund for an aggravation of pre-existing right L5 radiculopathy. The trial court thus did not err in overruling Sanese Services' motion for judgment notwithstanding the verdict. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus ("On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts"); see, also, C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus ("Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence"); see, also, Schell v. Globe Trucking, Inc. (1990), 48 Ohio St.3d 1, 3, rehearing denied, 49 Ohio St.3d 709
(for workers' compensation purposes, the term "injury" includes an aggravation of a pre-existing condition).
 {¶ 18} Accordingly, Sanese Services' single assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
TYACK, P.J., and KLATT, J., concur.