OPINION
{¶ 1} Plaintiff-appellant Tina Walker appeals from a judgment rendered in favor of defendants-appellees North American Truck Platform, f/k/a Truck Bus Group, General Motors Corporation, and James Conrad, Administrator of the Bureau of Workers' Compensation (BWC), holding that Walker is not entitled to participate in the Workers' Compensation Fund for the condition of "aggravation of pre-existing syringohydromyelia, or syrinx." North American Truck Platform and the BWC initially contend that Walker failed to preserve her objection to the trial court's ruling denying Walker's specific jury instruction on aggravation, because she failed to state the grounds for her objection as required by Civ.R. 51(A). We conclude that Walker did not waive her right to assign as error on appeal the failure to give a jury instruction because she failed to state the grounds for her objection to the trial court. From the record, it appears that the trial court was fully aware of Walker's objection to the jury charge given, which did not include her specific jury instruction on aggravation, and had adequate opportunity to reconsider the charge. Therefore, Walker's Assignment of Error is properly before us.
 {¶ 2} Walker contends that the trial court erred when it did not give her proposed jury instruction on aggravation, because the evidence supported the giving of the jury instruction. We conclude that the trial court did not abuse its discretion in declining to instruct the jury as proposed by Walker, and that Walker was not prejudiced by the trial court's refusal to give her proposed jury instruction on aggravation.
 {¶ 3} Accordingly, the judgment of the trial court is affirmed.
 I {¶ 4} On March 21, 1998, Tina Walker was injured in the course of and arising out of her employment with North American Truck Platform, f/k/a Truck Bus Group, General Motors Corporation. Walker filed a claim for her injuries with the Bureau of Workers' Compensation (BWC). Walker was allowed workers' compensation benefits for the conditions of "concussion left side of head and cervical strain." In October 1998, Walker filed a motion with the Industrial Commission of Ohio requesting that she be allowed workers' compensation benefits for the condition of "aggravation of pre-existing condition of syringohydromyelia." The Industrial Commission denied Walker workers' compensation benefits for the condition of "aggravation of pre-existing condition of syringohydromyelia."
 {¶ 5} Walker appealed to the Montgomery County Court of Common Pleas, but later voluntarily dismissed her appeal without prejudice and subject to reactivation pursuant to R.C. 2305.19, the Saving Statute. Less than a year later, Walker again appealed to the Montgomery County Court of Common Pleas reactivating the case pursuant to R.C. 2305.19, the Saving Statute. This case proceeded to a jury trial. The jury rendered a verdict in favor of North American Truck Platform and the BWC finding that Walker was not entitled to participate in the Workers' Compensation Fund for the condition of "aggravation of pre-existing syringohydromyelia, or syrinx." From the judgment rendered against her, Walker appeals.
 II {¶ 6} Walker's sole Assignment of Error is as follows:
 {¶ 7} "The trial court erred by not giving the more specific jury instruction on aggravation where the evidence supported same."
 {¶ 8} We will first address the contention of defendants-appellees North American Truck Platform and the BWC that Walker failed to preserve her objection to the trial court's ruling denying Walker's request for a specific jury instruction on aggravation, because she failed to state the grounds for her objection as required by Civ.R. 51(A).
 {¶ 9} An Amended Agreed Statement was made a part of the record in this case, pursuant to App.R. 9(C), because the events in the agreed statement were not reflected in the official trial transcript. The Amended Agreed Statement contains the following:
 {¶ 10} "On November 13, 2002, outside the presence of the jury, counsel discussed their proposed jury instructions with Judge MacMillan. Plaintiff had requested the jury be given an instruction concerning `aggravation' which included the specific language, `If the injury had some real adverse effect upon the pre-existing condition,' it is sufficient.
 {¶ 11} "Defendant/Appellant argued against the giving of this specific jury instruction which is found only in the `Comment' part of O.J.I. 365.13, and appears only as a footnote in Schell, indicating the general Schell instruction as it appears in the body of O.J.I. 365.13, was sufficient. The court ruled it would not give Plaintiff's requested instruction. Plaintiff's counsel noted her objection to same."
 {¶ 12} Civ.R. 51(A) provides, in pertinent part, that "[o]n appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury." The Civ.R. 51(A) requirements "provide the trial court with an opportunity to correct its error."Beavercreek Local Schools v. Basic, Inc. (1991), 71 Ohio App.3d 669,692, 595 N.E.2d 360.
 {¶ 13} In Beavercreek, 71 Ohio App.3d at 692-693, we concluded that Basic did not waive its right to assign error on appeal for failing to state the grounds for its objection to the trial court based on the following: "The specific reason for the objection * * * is not stated in the transcript; however, the transcript does refer to an off-the-record discussion between the parties and the trial court regarding the jury charge. From the record, it appears the trial court was fully aware of Basic's objection to the charge given and had adequate opportunity to reconsider the charge. Therefore, we will consider Basic's second assignment of error."
 {¶ 14} We conclude that Walker did not waive her right to assign as error on appeal the failure to give a jury instruction because she failed to state the grounds for her objection to the trial court. The Amended Agreed Statement states that Walker objected to the trial court's denial of her specific jury instruction on aggravation. Although the specific reason for the objection is not stated in the record, the Amended Agreed Statement does state that "outside the presence of the jury, counsel discussed their proposed jury instructions with Judge MacMillan." In addition, the record shows that Walker submitted her proposed jury instructions in writing to the trial court prior to trial, which included her proposed jury instruction on aggravation, as well as citations supporting the jury instruction. From the record, it appears that the trial court was fully aware of Walker's objection to the jury charge given, which did not include her specific jury instruction on aggravation, and had adequate opportunity to reconsider the charge. Therefore, Walker's Assignment of Error is properly before us.
 {¶ 15} We now address Walker's contention that the trial court erred when it did not give her proposed jury instruction on aggravation, because the evidence supported the giving of the jury instruction.
 {¶ 16} Walker relied on a footnote in Schell v. Globe Trucking,Inc. (1990), 48 Ohio St.3d 1, 548 N.E.2d 920, fn. 1, and the comment to 3 Ohio Jury Instructions (2002), Section 365.13, when she proposed the following jury instruction on aggravation:
 {¶ 17} "If the injury had some `real adverse effect upon the pre-existing condition,' it is sufficient. Aggravation that makes even a relatively slight contribution to the pre-existing condition is compensable."
 {¶ 18} The record shows that the trial court declined to give this specific jury instruction on aggravation. It is undisputed that the trial court gave the following jury instruction on aggravation, as stated in 3 O.J.I. 365.13:
 {¶ 19} "Employers take their employees as they find them and assume the risk of having an employee's pre-existing condition aggravated by some injury which would not hurt or bother a perfectly healthy person. It is not necessary for the employee to prove that the aggravation is substantial in order to continue to participate in the Workers' Compensation system."
 {¶ 20} A trial court's failure to give a proposed jury instruction is reversible error if the defendant demonstrates that the trial court abused its discretion, and that the defendant was prejudiced by the court's refusal to give the proposed instruction. Jaworowski v. Med.Radiation Consultants (1991), 71 Ohio App.3d 320, 327, 594 N.E.2d 9. "[P]rejudicial error occurs only if the alleged instructional flaw cripples the entire charge." Id. at 327-328, citations omitted. A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, citations omitted.
 {¶ 21} "The trial court need not give a proposed instruction in the precise language requested by its proponent, even if it properly states an applicable rule of law. The court retains discretion to use its own language to communicate the same legal principles. Where a special instruction given by the court correctly states the law pertinent to one or more issues of the case, the giving of it does not constitute error, even though it is not a full and comprehensive statement of the law. Additionally, the existence of a proposed jury instruction which correctly states the issues or law in question does not mandate that the court use the proposed jury instruction verbatim. The court need only include the substance of the proposed instruction. Moreover, it is within the sound discretion of a trial court to refuse to admit proposed jury instructions which are either redundant or immaterial to the case. Thus, this court will not reverse unless an instruction is so prejudicial that it may induce an erroneous verdict." Youssef v. Parr, Inc. (1990),69 Ohio App.3d 679, 690-691, 591 N.E.2d 762, internal citations omitted.
 {¶ 22} Walker argues that "[b]y leaving this clarifying definition out of the instruction, the jury was not instructed that even a slight aggravation was sufficient under the law." We conclude that the trial court did not act unreasonably, arbitrarily, or unconscionably in declining to use Walker's "clarifying definition" in addition to the complete jury instruction on aggravation set forth in 3 O.J.I. 365.13. The trial court's jury instruction (that an employee need not prove that the aggravation is substantial) is not so different from Walker's proposed jury instruction (that even a relatively slight aggravation is sufficient) as to cripple the entire charge and prejudice Walker. The essence of both jury instructions is that any aggravation of a pre-existing condition, not just a substantial aggravation, is compensable if it is work-related, and this is the holding of Schell, supra. We conclude that the trial court did not abuse its discretion in declining to instruct the jury as proposed by Walker, and that Walker was not prejudiced by the trial court's refusal to give her proposed jury instruction on aggravation.
 {¶ 23} We note that Walker's failure to provide us with a transcript of the jury trial deprives us of the ability to determine whether the evidence in this case supports the giving of Walker's jury instruction, in any event. See Bryant v. Richardson, Montgomery App. No. 16533, 1998 WL 22052, at *2. App.R. 9(B) provides, in pertinent part, that "[a]t the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record * * *." "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, citation omitted. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon * * *." Id.
 {¶ 24} Because Walker has failed to file a transcript of the evidence in this case, we are unable to determine whether the evidence in this case supports the giving of Walker's jury instruction, assuming, for purposes of analysis, that there were any significant difference between the proposed instruction and the given instruction. In other words, if there were a significant difference between the two instructions, it would be necessary for us to determine whether the fact pattern presented by the evidence in this case fell within the gap between the two instructions. Since we do not have the evidence in our record, we could not make that determination, in any event.
 {¶ 25} Nevertheless, we need not determine whether the evidence in this case supports the giving of Walker's proposed jury instruction, because we conclude that the difference between the instruction proposed and the instruction given is so negligible that the trial court did not abuse its discretion in declining to give Walker's proposed jury instruction on aggravation.
 {¶ 26} Walker's sole Assignment of Error is overruled.
 III {¶ 27} Walker's sole Assignment of Error having been overruled, the judgment of the trial court is affirmed.
Brogan and Wolff, JJ., concur.