[Cite as *Gonzalez-Estrada v. Glancy*, 2017-Ohio-538.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104570**

---

# ALEXEI GONZALEZ- ESTRADA, M.D.

### PLAINTIFF-APPELLEE

vs.

# ERICA J. GLANCY, M.D.

### DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-834630

**BEFORE:** Jones, J., E.A. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** February 16, 2017

**ATTORNEYS FOR APPELLANT**

Robert T. Robol
Richard Thomas Robel
Robol Law Office
433 West Sixth Avenue
Columbus, Ohio 43201


**ATTORNEYS FOR APPELLEE**

Ian N. Friedman
1360 East Ninth Street, Suite 650
Cleveland, Ohio 44114

Christian R. Patno
Colin Ray
McCarthy, Lebit, Crystal & Liffman Co., L.P.A.
101 Prospect Avenue, West
1800 Midland Building
Cleveland, Ohio 44115

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Erica Glancy, M.D. ("Glancy"), appeals various trial court rulings rendered before and during a civil trial involving her and plaintiff-appellee, Alexei Gonzalez-Estrada, M.D. ("Gonzalez-Estrada"). For the reasons that follow, we affirm.

{¶2} Gonzalez-Estrada and Glancy were on fellowship at the Cleveland Clinic Foundation and regularly worked together. In October 2014, the two were out socializing with friends and some of Glancy's relatives. At some point during the evening the two danced and kissed. At the end of the evening, Glancy left with her cousin, uncle, and Gonzalez-Estrada in her uncle's car. Glancy fell asleep in the car. When she woke up, she and Gonzalez-Estrada were being dropped off at her apartment and Gonzalez-Estrada followed her inside. According to Glancy, shortly after entering the apartment, Gonzalez-Estrada's behavior changed. He began to pursue Glancy from room-to-room, removing her clothing and groping her. Glancy told Gonzalez-Estrada "no" and "stop" repeatedly but Gonzalez-Estrada did not listen and had sexual intercourse with her. Gonzalez-Estrada maintained the sex was consensual and claimed that Glancy said he assaulted her only because she regretted the incident.

{¶3} According to Glancy, she spent the the next several days in a state of "mental and physical collapse," coping with the feelings of depression, self-blame, and suicidal thoughts. She was referred by her doctor to Kirste Carlson, a psychiatric nurse/clinical nurse specialist.

**{¶4}** Glancy was diagnosed, with and treated for, chronic Post Traumatic Stress Disorder ("PTSD") and began treatment for mental distress. She also reported the incident to the Cleveland Clinic police and Cleveland Heights police.

**{¶5}** Gonzalez-Estrada was criminally charged, but a grand jury decided not to indict him. He subsequently filed a complaint against Glancy alleging defamation, malicious prosecution, and intentional infliction of emotional distress. Glancy counterclaimed, alleging battery/sexual assault/rape, assault, intentional infliction of emotional distress, and defamation. It is this lawsuit that is the subject of this appeal.

**{¶6}** During the pretrial process, Glancy's attorney filed a notice with the court that attorney Jesse Lemon would serve as co-counsel on the case. Gonzalez-Estrada objected, arguing that Lemon should be disqualified because he was a material witness in the case. Glancy's lead counsel informed the court that Lemon did not intend to be a trial attorney and was only participating in pretrial matters. But the trial court agreed with Gonzalez-Estrada and disqualified Lemon from representing Glancy in the case.

**{¶7}** The matter proceeded to trial at which numerous witnesses testified for both sides; both Glancy and Gonzalez-Estrada testified. The jury found in favor of Glancy on her claims for assault and battery and awarded damages of $3,899.21 for assault and $0 for battery. Following the verdict, Glancy moved for judgment notwithstanding the verdict and for a new trial as to damages. Gonzalez-Estrada filed a motion for judgment notwithstanding the verdict and for a new trial if the trial court granted Glancy's motion. The trial court denied Glancy's motions.

**{¶8}** Glancy filed a notice of appeal and raises three assignments of error for our review:

I. The trial court committed reversible error in disqualifying Dr. Glancy's chosen counsel from representing her.

II. The trial court committed reversible error in failing to permit the jury to consider future damages, including future pain and suffering.

III. The trial court abused its discretion in failing to grant a mistrial following defense counsel's disobedience to the court's order not to discuss Dr. Glancy's $450,000 settlement communication with the Cleveland Clinic Foundation.

**{¶9}** In the first assignment of error, Glancy claims that the trial court erred when it disqualified attorney Jesse Lemon from representing her in the case. Prior to oral argument in this case, Gonzalez-Estrada filed a motion with this court to dismiss the appeal, arguing that this court did not have jurisdiction over the appeal because the order disqualifying Lemon was issued on July 17, 2015, and Glancy did not appeal that order within the 30-day time period as required by App.R. 4. This court denied the motion to dismiss; we now consider the merits of her argument.

**{¶10}** Disqualification of an attorney is a drastic measure that should not be taken unless absolutely necessary. *Brown v. Spectrum Networks, Inc.*, 180 Ohio App.3d 99, 2008-Ohio-6687, 904 N.E.2d 576, ¶ 11 (1st Dist.), citing *A.B.B. Sanitec W., Inc. v. Weinsten*, 8th Dist. Cuyahoga No. 88258, 2007-Ohio-2116, ¶ 18. In reviewing a trial court's decision to disqualify a party's counsel, we apply an abuse of discretion standard. *155 N. High Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 426, 650 N.E.2d 869 (1995). An abuse of discretion implies that the trial court's attitude in reaching its decision was

unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶11} Pursuant to Prof.Cond.R. 3.7(a)(3), "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless * * * the disqualification of the lawyer would work substantial hardship on the client." The official comments to the rule state, in part, that

(a)(3) recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client.

{¶12} A necessary witness under Prof.Cond.R. 3.7 is one whose testimony must be admissible and unobtainable through other trial witnesses. *King v. Pattison*, 5th Dist. Muskingum No. CT2013-0010, 2013-Ohio-4665, citing *Popa Land Co.*, *Ltd. v. Fragnoli*, 9th Dist. Medina No. 08CA0062-M, 2009-Ohio-1299, ¶ 15.

Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence. * * * A party's mere declaration of an intention to call opposing

counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony.

*Cty. Risk Sharing Auth. v. Robson*, 5th Dist. Licking No. 15-CA-62, 2016-Ohio-1460, ¶ 22, quoting *Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, 942 N.E.2d 409, ¶ 19 (9th Dist.).

**{¶13}** In its judgment entry disqualifying Lemon as Glancy's counsel, the trial court stated that Lemon had been identified as a material witness on issues of liability and damages for both parties and the court ruled that Lemon was precluded from any further involvement as an attorney and could not provide legal advice to Glancy concerning any aspect of the case, even though he and Glancy "have had and presently may have an ongoing personal relationship."

**{¶14}** Glancy claims that she was prejudiced by the trial court's decision because Lemon had worked in a legal capacity on her case from the beginning and had performed a significant portion of the legal work. He was also, according to Glancy, essential in "helping her cope with the strategic and tactical effects of Gonzalez-Estrada's threatening, overbearing legal tactics and in ensuring clear, reasoned communication with her."

**{¶15}** Gonzalez-Estrada argues that Glancy was only trying to keep her text message conversations with Lemon outside the scope of discovery because, if Lemon was her attorney, and not just her friend or boyfriend, their past conversations would be covered by attorney-client privilege.

**{¶16}** After the trial court's order disqualifying Lemon as Glancy's attorney, the trial court ordered an in camera inspection of text messages sent between Glancy and

Lemon from August 10, 2014, through January 27, 2015. Subsequent to its in camera inspection of Glancy and Lemon's text messages, the trial court ruled that prior to February 19, 2015,[1] Glancy had not communicated with Lemon in his professional capacity as a licensed attorney for the purposes of obtaining legal representation, retained Lemon, or that Lemon acted as co-counsel with her lead attorney; therefore, Glancy had not met her burden of showing attorney-client privilege. Glancy appealed the trial court's decision. *See Estrada v. Glancy*, 8th Dist. Cuyahoga No. 103952. We dismissed the appeal, finding as follows:

> Motion by Appellee to dismiss appeal is granted. The trial court's discovery order, journalized on December 22, 2015, does not grant or deny a provisional remedy and is not a final appealable order pursuant to R.C. 2505.02. The trial court's discovery order is interlocutory, not subject to an appeal at this point in time.

(Citations omitted). Motion No. 493064 (Feb. 22, 2016).

{¶17} After reviewing the record, we find that the trial court did not abuse its discretion in this case. It is apparent from the record that Lemon, as Glancy's friend or boyfriend during the events in question, was a central witness to both parties' claims. Lemon was to be deposed for the case and testify at trial. Because Lemon was a material witness who was to testify at trial, the trial court did not abuse its discretion in

---

[1] On February 19, 2015, Glancy's attorney filed a notice with the trial court stating that Lemon was acting as co-counsel.

disqualifying Lemon.

{¶18} The first assignment of error is overruled.

{¶19} We consider the second and third assignments of error together.   In the second assignment of error, Glancy argues that the trial court erred when it refused to instruct the jury on future damages.   In the third assignment of error, Glancy claims that the trial court erred in failing to declare a mistrial when opposing counsel discussed settlement negotiations Glancy had with the Cleveland Clinic Foundation.

{¶20} First, Glancy claims that the evidence presented at trial supported a future damages jury instruction and the trial court erred in refusing to give one.   A trial court's failure to give a proposed jury instruction is reversible error if a party demonstrates that the trial court abused its discretion and that party was prejudiced by the court's refusal to give the proposed instruction.   *Walker v. Conrad*, 2d Dist. Montgomery No. 19704, 2004-Ohio-259, ¶ 20, citing *Jaworowski v. Med. Radiation Consultants*, 71 Ohio App.3d 320, 327, 594 N.E.2d 9 (2d Dist.1991).

{¶21} The record on appeal contains a transcript consisting only of the discussion amongst the parties and the court with regard to Lemon serving as Glancy's counsel, Glancy's direct examination, and nurse Carlson's direct examination.   This is inadequate for our review purposes and, on its own, does not support a jury instruction for future damages.

{¶22} It is well-settled that "[a] party asserting error in the trial court bears the burden to demonstrate error by reference to matters made part of the record in the court of

appeals." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

App.R. 9(B) explicitly provides that

> if the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion.

If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support. *Bunnell Elec., Inc. v. Ameriwash*, 12th Dist. Warren No. CA2004-01-009, 2005-Ohio-2502, ¶ 8, citing *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409, 629 N.E.2d 500 (9th Dist.1993).

**{¶23}** During trial, the court issued several orders; in an order dated February 24, 2016, the court stated, in part:

> Trial resumes 2/19/2016.
>
> * * *
>
> Plaintiff additionally moved the court pursuant to Civ.R. 50 on the issues of permanent and future damages, including medical expenses. The court grants the motion as to future medical expenses for the reasons stated on the record and will rule on the remaining parts of plaintiff's motion before trial resume with the jury on 2/22/16.

In another order dated the same day, the court stated, in part: "Trial resumes 2/19/2016. * * * The court reviewed jury instructions, interrogatories, and verdict forms with all parties and their counsel."

**{¶24}** It is apparent from the trial court's orders that it discussed the issue of future damages and the jury instructions with the parties. But without a copy of that portion of the transcript, we are unable to determine what instructions were actually given to the jury.

And without the full testimony given by the witnesses, e.g., the record includes nurse Carlson's direct examination but not her cross-examination, we are unable to determine whether the evidence in this case supported the trial court's decision not to instruct on future damages.

{¶25} Consequently, because Glancy failed to provide this court with a complete transcript necessary for review of the issue, we must presume regularity in the proceedings. *Estate of Nicolas Fite v. Univ. Hosp.*, 1st Dist. Hamilton Nos. C-030225 and C-030242, 2004-Ohio-1266, ¶ 6.

{¶26} As to the third assignment of error, Glancy claims that the trial court erred when it allowed into evidence testimony about her settlement negotiations with the Cleveland Clinic in a separate lawsuit. According to Glancy, plaintiff's counsel elicited information that Glancy discussed a settlement amount of $450,000 with the Cleveland Clinic even though counsel had been admonished by the trial court not to discuss that case. The trial court supposedly gave the jury a curative instruction on the matter, but Glancy argues that it was insufficient.

{¶27} Again, we cannot determine whether there was any prejudice to Glancy because the transcript in the record is devoid of any discussion about the issue upon which Glancy now complains.

{¶28} The admission or exclusion of evidence by the trial court will not be reversed unless there has been a clear and prejudicial abuse of discretion. *DeLuca v. Goldstein*, 8th Dist. Cuyahoga No. 76023, 2000 Ohio App. LEXIS 1036, *3 (Mar. 13, 2000). "Error

may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." Evid.R. 103(A). This court has noted that "'it is impossible to determine without a complete transcript whether the testimony affected a substantial right of appellant to her prejudice.'" *DeLuca* at *id.*, quoting *Bungo v. Nowacki*, 8th Dist. Cuyahoga No. 70024, 1996 Ohio App. LEXIS 3668 (Aug. 29, 1996).

{¶29} Again, it was Glancy's responsibility to provide this court with a transcript that is adequate enough to determine the errors she had assigned for review. App.R. 9(B). Without a complete transcript, the validity of the trial court's rulings, including any curative instructions given to the jury, will be presumed. *See Bungo* at *5.

{¶30} In light of the above, Glancy's second and third assignments of error are overruled.

{¶31} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

EILEEN A. GALLAGHER, P.J., and

MARY J. BOYLE, J., CONCUR