[Cite as *Roos v. Morrison*, 2019-Ohio-1514.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STEPHEN L. ROOS, | : | APPEAL NO. C-170646 |
| | | TRIAL NO. A-1602370 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| SARAH MORRISON | : | |
| ADMINISTRATOR, OHIO BUREAU | | |
| OF WORKERS' COMPENSATION, | : | |
| | | |
| Defendant-Appellant, | : | |
| | | |
| and | : | |
| | | |
| CITY OF DEER PARK, | : | |
| | | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 24, 2019

*Fox & Fox Co. L.P.A.* and *M. Christopher Kneflin*, for Plaintiff-Appellee,

*David J. Fierst,* Assistant Ohio Attorney General, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} Officer Stephen Roos suffered injuries incurred in conjunction with his job as a Deer Park police officer and sought participation in the workers' compensation fund based on the aggravation of a preexisting condition. The trial court ultimately found Officer Roos entitled to workers' compensation benefits, but the court was no fan of either side's expert, expressing a lack of confidence in both. Believing this to be a fatal flaw in the court's analysis, the Ohio Bureau of Workers' Compensation appeals, seeking to strip Officer Roos of his benefits. Upon reviewing the record, we conclude that the trial court had before it competent evidence demonstrating that Officer Roos's work-related injury aggravated a preexisting condition, and accordingly we affirm its decision to award him benefits.

I.

{¶2} Officer Roos suffered a lower back injury in 2005 during a work-related training exercise as part of his job as a police officer for the city of Deer Park. Subsequent to the 2005 injury, Officer Roos was placed on light duty, but eventually returned to full duty. He later experienced a flare-up in his symptoms after tackling a fleeing suspect at the Hamilton County Courthouse. While Officer Roos remained on full duty after this incident, he described his back pain as constant during this period. Officer Roos ultimately retired from the police force in 2010 due to pain in his lower back.

{¶3} In 2014, Officer Roos filed an application for benefits with the Ohio Bureau of Workers' Compensation (the "Bureau"). He requested allowances for participation in the workers' compensation fund for the conditions of L3-4, L4-5, L5-S1 Facet Arthrosis and L4-5 Spondylosis, which ultimately were denied by the Industrial Commission, the entity which conducts hearings on workers' compensation claims. In its denial, the Industrial Commission found that these conditions were not causally related to the 2005 injury

suffered by way of direct cause, flow-through, or aggravation. Officer Roos subsequently appealed this decision to the court of common pleas.

{¶4}    On appeal, the trial court ultimately found that the requested participation in workers' compensation for the L3-4, L4-5, L5-S1 Facet Arthrosis and L4-5 Spondylosis should have been allowed because Officer Roos's injuries aggravated his preexisting conditions. In the aftermath of this decision, the Bureau lodged an appeal, assigning error to the court's purported failure to rely on expert testimony.

II.

{¶5}    The parties agree that the manifest-weight-of-the-evidence standard governs this case, which requires an evaluation of the entire record, weighing of evidence and all reasonable inferences, and consideration of the credibility of the witnesses to determine whether the trier of fact lost its way in resolving the conflicts of evidence, resulting in a manifest miscarriage of justice. *Moore v. Administrator*, 1st Dist. Hamilton No. C-140413, 2015-Ohio-3969 ¶ 9 (reversal under manifest-weight standard required when the decision of the trial court was not supported by the record).

{¶6}    That standard of review is measured against Ohio's workers' compensation laws, which oblige a claimant seeking recovery for a work-related injury to establish, by a preponderance of the evidence, direct and proximate causation between the accident and the injury. *Fox v. Indus. Comm. of Ohio*, 162 Ohio St. 569, 576, 125 N.E.2d 1 (1955). The worker bears the burden of establishing that such an injury exists. *See Starkey v. Builders FirstSource Ohio Valley, L.L.C.,* 130 Ohio St.3d 114, 2011-Ohio-3278, 956 N.E.2d 267, ¶ 15.

{¶7}    Additionally, aggravation of a preexisting condition (at issue in this case) qualifies as an "injury" under Ohio's workers' compensation system. R.C. 4123.01(C)(4). While not all injuries require expert medical testimony to establish causation, in the case of matters beyond common knowledge, the court requires expert medical testimony to

3

establish a causal connection. *Stacey v. Carnegie-Illinois Steel Corp.,* 156 Ohio St. 205, 210, 101 N.E.2d 897 (1951).

{¶8}   Officer Roos wisely concedes that his claim for aggravation of his preexisting conditions falls outside the bounds of common knowledge and thus required expert medical testimony to establish causation between the injury and the aggravation of the preexisting condition.   The Bureau just as wisely concedes that Officer Roos provided competent testimony via his expert on this point.  So far, so good.

{¶9}   The Bureau, however, seizes upon a pair of sentences in the trial court's decision for the proposition that the court rejected the views of Officer Roos's expert.   It thus analogizes this case to *Krull v. Ryan*, 1st Dist. Hamilton No. C-100019, 2010-Ohio-4422, where this court faulted the claimant for failing to adduce medical evidence of his condition.

{¶10}  We do not believe, however, that the court below went so far.   Instead, the court noted that it could "ascribe to each expert some positive points and some negative points regarding the weight given to be given to their opinions.  Further, it is difficult to find persuasiveness in either of the doctors' findings or opinions."  If a trial court wishes to reject an expert wholesale, it should say so directly and without equivocation.

{¶11}  Admittedly, it would have facilitated our review if the trial court had explained the "positive" and "negative points" that the court saw in the testimony, but that lack of explanation does not spell reversal on the record before us.  That is particularly true when both experts were in lockstep for just about every aspect of their testimony, other than the final conclusion.  Both agreed that Officer Roos had L3-4, L4-5, L5-S1 Facet Arthrosis and L4-5 Spondylosis, and that these conditions preexisted his workplace injury.  Officer Roos's medical expert, Dr. Lisa Vickers, testified that these conditions were aggravated as a direct and proximate cause of the workplace injury that he suffered.  The Bureau's expert,

Dr. Stephen Haverkos, quibbled with this conclusion, insisting that the condition was instead "exacerbated" by the workplace injury (while invoking a novel understanding of the word "exacerbate"). The semantical duel between "aggravation" and "exacerbation" aside, our review reveals that the determination of the trial court, that Officer Roos's condition was aggravated by his workplace injury, was supported by the record, which was never clearly rejected by the trial court. This case thus bears little resemblance to *Krull* because Officer Roos introduced the very testimony found wanting in *Krull*.

{¶12} We accordingly overrule the Bureau's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**MOCK, P.J.,** concurs.
**ZAYAS, J.,** concurs separately.

**ZAYAS, J.,** concurring separately.

{¶13} I concur in the majority's disposition, but do so for a different reason.

{¶14} A claimant must establish an injury to participate in the Ohio workers' compensation fund. *Schell v. Globe Trucking, Inc.*, 48 Ohio St.3d 1, 2, 548 N.E.2d 920 (1990); R.C. 4123.54. Under R.C. 4123.01(C):

> Injury includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. Injury does not include:
>
> * * *
>
> (4) A condition that pre-existed an injury unless that pre-existing condition is substantially aggravated by the injury.

5

Such a substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test results. Subjective complaints may be evidence of such a substantial aggravation. However, subjective complaints without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation.

{¶15} Subjective complaints, standing alone, are insufficient to establish causation. *Id.* However, subjective complaints coupled with objective evidence are sufficient to prove a substantial aggravation. *See Brate v. Rolls-Royce Energy Sys. Inc.*, 5th Dist. Knox No. 12CA000001, 2012-Ohio-4577, ¶ 16; *Harrison v. Panera, L.L.C.*, 2d Dist. Montgomery No. 25626, 2013-Ohio-5338, ¶ 23.

{¶16} Here, the Bureau acknowledges that Roos's expert, Dr. Vickers, presented objective evidence to establish the substantial aggravation of Roos's preexisting condition. Instead, the Bureau argues that the trial court completely rejected Dr. Vickers's testimony and "relied solely" on Roos's subjective testimony to establish causation.

{¶17} I initially note that nowhere in the trial court's decision is there any indication that the court relied solely on Roos's testimony. Although the trial court did not elaborate on its conclusion that Roos had established a substantial aggravation, Dr. Vickers's testimony when coupled with Roos's testimony was sufficient to establish causation. *See id.*

{¶18} Accordingly, I concur in the court's judgment.

Please note:

The court has recorded its own entry this date.