[Cite as *Coler v. Anchor Acquisition, L.L.C.*, 2012-Ohio-6261.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KATHY COLER | JUDGES: |
| | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. 12-CA-19 |
| ANCHOR ACQUISITION, LLC., ET AL. | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Fairfield County Court of
                               Common Pleas, Case No. 10-CV-04


JUDGMENT:                      Reversed and Remanded


DATE OF JUDGMENT ENTRY:        December 31, 2012


APPEARANCES:


For Plaintiff-Appellee                  For Defendant-Appellant


THOMAS L. REITZ                         CHRISTOPHER R. WALSH
Larrimer and Larrimer                   Earl, Warbutron, Adams & Davis
165 North High Street                   136 W. Mound Street
Columbus, Ohio  43215                   Columbus, Ohio  43215

*Hoffman, J.*

{¶1}    Defendant-appellant Anchor Acquisition, LLC, appeals the March 21, 2012

Judgment Entry entered by the Fairfield County Court of Common Pleas, which affirmed

the December 1, 2009 Decision of the Industrial Commission of Ohio, allowing plaintiff-

appellee Kathy Coler to participate in the Workers' Compensation Fund.

STATEMENT OF THE FACTS AND CASE

{¶2}    At all times relevant to this appeal, Appellee was employed by Appellant.

In 2005, Appellee, while in the course and scope of her employment, injured her back

after she attempted to un-jam a conveyor belt.   An MRI taken on June 1, 2005, showed

"slight bulging of the disc at L4-5" and "a central protrusion of the disc at L5-S1."

Doctors treated Appellee for those conditions and the resulting pain.   After treatment,

Appellee returned to full-duty work.

{¶3}    Subsequently, on July 29, 2008, Appellee, while in the course and scope

of her employment, was injured when a pallet of glassware fell on her.   Upon completion

of her shift, Appellee presented at the emergency room, complaining of low back and

right knee pain. Diagnostic tests and imaging revealed Appellee had a bulging disc at

the L4-5 level as well as other degenerative changes in her spine.

{¶4}    Appellee, thereafter, sought to participate in the Ohio Workers'

Compensation Fund.   The District Hearing Officer granted Appellee's request to allow

the additional conditions of bulging discs L4-5, L5-S1.   Appellant appealed the decision

to the Staff Hearing Officer, who affirmed the District Hearing Officer's decision.

Appellant appealed to the Industrial Commission, which allowed the claim for the

additional condition of bulging disc L4-5, but disallowed the claim for the additional

condition of bulging disc L5-S1 and substantial aggravation of pre-existing bulging disc L5-S1.

**{¶5}** Appellee filed an appeal from the Industrial Commission's decision to the trial court on January 4, 2010. Appellant also filed an appeal from the Industrial Commission's decision. The trial court conducted a bench trial on November 1, 2011. Prior to trial, Appellee withdrew her appeal as to the claim for the L5-S1 conditions. The parties filed written closing arguments.

**{¶6}** Via Judgment Entry filed March 21, 2012, the trial court affirmed the Industrial Commission's Decision allowing Appellee to participate in the Workers' Compensation Fund for the condition of bulging disc L4-5. The trial court found Appellee's allowed condition did not constitute a pre-existing condition; therefore, R.C. 4123.01(C)(4) was inapplicable.

**{¶7}** It is from this judgment entry Appellant appeals, raising the following assignments of error:

**{¶8}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT HELD THAT 'SUBSTANTIAL AGGRAVATION' IS MERELY A TYPE OF CAUSATION, BUT NOT A QUESTION OF INJURY.

**{¶9}** "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT FOUND THAT A PRE-EXISTING CONDITION DID NOT CONSTITUTE A PRE-EXISTING CONDITION WHEN THE CONDITION DID NOT PRECLUDE FULL DUTY WORK.

**{¶10}** "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT SPECULATED THAT THE PRE-EXISTING DISC BULGE AT L4-5 'COULD HAVE REPAIRED ITSELF' PRIOR TO THE JULY, 2008 WORK INCIDENT.

**{¶11}** "IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT FOUND THAT THE JULY, 2008 INCIDENT DIRECTLY CAUSED A BULGING DISC AT L4-5.

**{¶12}** "V. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT FAILED TO GRANT JUDGMENT TO DEFENDANT AS A MATTER OF LAW."

II

**{¶13}** Because we find our disposition of Appellant's second assignment of error to be dispositive of the instant appeal, we shall address said assignment of error first. In the second assignment of error, Appellant submits the trial court erred in determining a pre-existing condition did not constitute a pre-existing condition because the condition did not preclude full-duty work.

**{¶14}** The issue before the trial court was whether Appellee could satisfy the requirements of R.C. 4123.04(C)(4), which states:

**{¶15}** " 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. 'Injury' does not include:

**{¶16}** "(4) A condition that pre-existed an injury unless that pre-existing condition is substantially aggravated by the injury. Such a substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test

results. Subjective complaints may be evidence of such a substantial aggravation. However, subjective complaints without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation." R.C. 4123.01.

{¶17} Although the parties focused their arguments to the trial court on whether Appellee's bulging disc at L4-5 was substantially aggravated by the July 29, 2008 work injury, the trial court, nevertheless, found Appellee's "bulging disc and associated pain and decreased ability [did] not constitute a pre-existing condition." March 21, 2012 Judgment Entry at 3. The trial court concluded R.C. 4123.01(C)(4) was not applicable. We disagree.

{¶18} The parties stipulated to the admissibility and authenticity of the medical records. The medical records include a letter written to Appellee's attorney from Dr. Robert J. Masone, in which the doctor opines, "with a reasonable degree of certainty, [Appellee] had substantial aggravation of the preexisting conditions at the L4-5 and L5-S1 disc". Despite this stipulation, the trial court concluded Appellee was asymptomatic prior to the July, 2001 injury and she did not have a pre-existing condition. Because the parties stipulated Appellee's bulging disc at L4-5 was pre-existing, the trial court's finding to the contrary was erroneous.

{¶19} Based upon the forgoing, we reverse the trial court's decision and remand the matter for redetermination based upon the application of the statute.

{¶20} Appellant's second assignment of error is sustained.

I, III, IV, V

**{¶21}** In light of our disposition of Appellant's second assignment of error, we find the remaining assignments of error to be premature.

**{¶22}** The judgment of the Fairfield County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and the law.

By: Hoffman, J.

Delaney, P.J.  and

Gwin, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

KATHY COLER                                          :
                                                :
    Plaintiff-Appellee                       :
                                                :
-vs-                                                 :             JUDGMENT ENTRY
                                                :
ANCHOR ACQUISITION, LLC., ET AL.                     :
                                                :
    Defendant-Appellant                      :             Case No. 12-CA-19


For the reasons stated in our accompanying Opinion, the judgment of the Fairfield County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with our Opinion and the law. Costs assessed to Appellant.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY


s/ W. Scott Gwin
HON. W. SCOTT GWIN