[Cite as *Coler v. Anchor Acquisition, L.L.C.*, 2014-Ohio-4049.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| KATHY COLER | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 14-CA-12 |
| ANCHOR ACQUISITION, LLC, ET AL | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Fairfield County Court of Common Pleas, Case No. 2010CV00004

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     September 15, 2014

APPEARANCES:

For Plaintiff-Appellee

THOMAS REITZ
Larrimer & Larrimer
165 N. High Street
Columbus, OH 43215

For Defendant-Appellant

CHRISTOPHER WALSH
Earl, Warburton, Adams & Davis
136 W. Mound Street
Columbus, OH 43215

*Gwin, P.J.*

{¶1} Appellant appeals the January 14, 2014 judgment entry of the Fairfield County Court of Common Pleas allowing appellee to participate in the workers' compensation fund for the substantial aggravation of a pre-existing medical condition.

*Facts & Procedural History*

{¶2} At all times relevant to this appeal, appellee Kathy Coler was employed by appellant Anchor Acquisition, LLC. In 2005, appellee, while in the course and scope of her employment, injured her back after she attempted to un-jam a conveyer belt. An MRI taken on June 1, 2005 showed "slight bulging of the disc at L4-5" and "central protrusion of the disc at L5-S1." Doctors treated appellee for these conditions and the resulting pain. After treatment, appellee returned to full-duty work that included physical labor, with lifting, bending, pushing, and pulling.

{¶3} Subsequently, on July 29, 2008, appellee, while in the course and scope of her employment, was injured when a pallet of glassware fell on her. Upon completion of her shift, appellee presented at the emergency room, complaining of low back and right knee pain. Diagnostic tests and imaging revealed appellee had a bulging disc at the L4-5 level as well as other degenerative changes in her spine. Appellee was placed on light duty until December of 2008 and appellee has not worked since then.

{¶4} Appellee sought to participate in the Ohio Workers' Compensation Fund. The District Hearing Officer granted appellee's request to allow the additional conditions of bulging discs L4-5 and L5-S1. Appellant appealed the decision to the Staff Hearing Officer, who affirmed the District Hearing Officer's decision. Appellant appealed to the Industrial Commission, which allowed the claim for the additional condition of bulging

disc L4-5, but disallowed the claim for the additional condition of bulging disc L5-S1 and substantial aggravation of pre-existing bulging disc L5-S1.

{¶5}   Appellee filed an appeal from the Industrial Commission's decision to the trial court on January 4, 2010.   Appellant also filed an appeal from the Industrial Commission's decision.   Prior to trial, appellee withdrew her appeal as to the claim for the L5-S1 conditions.   The trial court conducted a bench trial on November 1, 2011. Appellee Coler, Samuel Lewis, safety manager and workers' compensation administrator for appellant, Dr. Robert Masone, and Dr. David Hannallah testified at trial.   Dr. Masone ("Masone"), board certified in anesthesia and pain management and a specialist in spine pain, testified that, based on his clinical exam, a review of appellee's diagnostic tests, his experience and training, it was his opinion that appellee sustained aggravation of a pre-existing condition at the L4-5 disc called a lumbar bulge as a result of her employment on July 29, 2008.   Masone stated that he utilized objective tests he administered, appellee's subjective complaints, and Dr. Todd's notations from surgery he performed on appellee to form his opinion.   Dr. Hannallah ("Hannallah"), an orthopedic surgeon with a focus on spine surgery, opined, after reviewing appellee's records, that there was no evidence of substantial aggravation from the July 2008 incident.

{¶6}   In addition, the parties stipulated to the admissibility and authenticity of appellee's medical records including radiology reports, emergency room records, records from Dr. Masone, physical therapy records, records from Dr. Woo, records from Dr. Walter, records from Ohio Schoolhouse Family Practice, records from Dr. Lobel, and records from Dr. Todd.   The parties filed written closing arguments.

{¶7} In a March 21, 2012 judgment entry, the trial court found appellee's allowed condition for bulging disc L4-5 did not constitute a pre-existing condition and R.C. 4123.01(C)(4) was inapplicable. Thus, the trial court affirmed the Industrial Commission's decision. Appellant filed an appeal with this Court. In *Coler v. Anchor Acquisition, LLC*, 5th Dist. Fairfield No. 12-CA-19, 2012-Ohio-6261, we reversed the trial court's decision because the parties stipulated appellee's bulging disc at L4-5 was pre-existing and remanded the matter for redetermination based upon the application of R.C. 4123.01(C)(4).

{¶8} The trial court issued a judgment entry on January 14, 2014. The trial court reviewed, in detail, the evidence regarding the MRI studies, CT scans and discography, and other tests and procedures. The trial court found the results of the range of motion tests, the results of the Feber's Maneuver Patrick tests, the results of the Laseque test, the comparison of MRI and CT scans before and after July 29, 2008, and observations during surgery were diagnostic and clinical findings that are objective in nature for purposes of R.C. 4123.01(C)(4). Further, that the comparison between post-injury physical tests with appellee's pre-injury and post-injury pain were not themselves objective findings, but they provided corroboration of substantial aggravation confirmed by objective findings. The trial court determined that the records demonstrate Masone engaged in a methodical process and administered several types of clinical and objectively based tests that were consistent with the subjective complaints of appellee. The trial court emphasized that Masone used counter measures to minimize the likelihood of false test results. The trial court found the opinion of Masone that the bulge at L4-5 is a substantial aggravation of a pre-existing

condition to be more persuasive than the opinion of Hannallah that there is no evidence of substantial aggravation because Hannallah was not present during the exams or diagnostic tests and his opinion based on the review of the CT scan films was inconsistent with the radiologists' reports and Todd's actual observations during surgery when he reported a broad-based disc bulge at L4-5. The trial court found that appellee proved, by a preponderance of the evidence, that the pre-existing condition was substantially aggravated by the 2008 injury while working for appellant. Thus, the trial court determined appellee is entitled to participate in the benefits provided by the workers' compensation act for the substantial aggravation of a L4-5 disc bulge.

{¶9} Appellant appeals the January 14, 2014 judgment entry and assigns the following as error:

{¶10} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT FAILED TO GRANT JUDGMENT AS A MATTER OF LAW.

{¶11} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT HELD THAT PLAINTIFF PRODUCED OBJECTIVE EVIDENCE ESTABLISHING A SUBSTANTIAL AGGRAVATION OF THE DISC BULGE AT L4-5.

{¶12} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT RELIED UPON EXPERT OPINION THAT CONTRADICTED ITSELF.

{¶13} "IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT FOUND CAUSAL RELATIONSHIP WITHOUT ANY SUPPORTING EXPERT OPINION.

{¶14} "V. THE ALLEGEDLY WORSENED ANNULAR TEAR AT L4-5 WAS NOT THE CONDITION AT ISSUE IN THIS APPEAL."

## I. & II.

{¶15} Appellant argues in its first two assignments of error that the trial court erred in its judgment because appellee failed to produce any objective evidence of a substantial aggravation of her L4-5 disc bulge and, accordingly, judgment should have been granted in favor of appellant. We disagree.

{¶16} In an appeal under R.C. 4123.512 from an order of the Industrial Commission, the trial court reviews de novo the issue of whether the claimant can participate in the workers' compensation fund. *Oswald v. Connor*, 16 Ohio St.3d 38, 476 N.E.2d 658 (1985). This Court reviews the decision of the trial court under a manifest weight of the evidence standard. *Krull v. Ryan*, 1st Dist. No. C-100019, 2010-Ohio-4422; *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base its judgment. *Cross Truck Equip. Co. v. The Joseph A. Jeffries Co.*, 5th Dist. No. CA5758, 1982 WL 2911 (Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). The underlying rationale of this deference to the trial court is that "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 81, 461 N.E.2d 1273 (1984). To the extent that a judgment involves a question of

law, we review the question of law independently and without any deference. *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835.

{¶17} A claimant must establish an injury to participate in the Ohio workers' compensation system. *Schell v. Global Trucking, Inc.*, 48 Ohio St.3d 1, 548 N.E.2d 920 (1990). "Injury" includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). The statute also specifically excludes some categories of injuries. R.C. 4123.01(C)(4) excludes from the definition of injury:

> [a] condition that pre-existed an injury unless that pre-existing condition is substantially aggravated by the injury. Such a substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test results. Subjective complaints may be evidence of such a substantial aggravation. However, subjective complaints without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation.

{¶18} Although subjective complaints are insufficient, standing alone, to establish a substantial aggravation, this Court has held that they may be coupled with objective diagnostic findings, objective clinical findings, or objective test results to satisfy

the standard. *Brate v. Rolls-Royce Energy Sys., Inc.*, 5th Dist. Knox No. 12CA000001, 2012-Ohio-4577.

{¶19} Appellant first contends that Masone never testified to "substantial" aggravation and since he only testified to "aggravation," there is no evidence that the alleged aggravation was substantial. However, after examining the record, we find that Masone testified as to "substantial" aggravation. Appellee's counsel inquired of Masone as to whether he had "an opinion as to the cause based on your clinical examinations, your training, your expertise, your review of the MRI's, your consultations with the other physicians, whether Ms. Coler sustained a substantial aggravation of a pre-existing condition at the L4-5 * * * disc called a lumber bulge as a result of her employment from July 29th of 2008." Masone responded that "the short answer is yes" and then testified to the aggravation process in the disc. Further, Masone's testimony must also be read in light of his medical reports and records, which were stipulated to and admitted into evidence. In a May 19, 2010 letter authored by Masone, he states as follows: "In my medical opinion, with a reasonable degree of certainty, [appellee] had substantial aggravation of the preexisting conditions at the L4-L5 and L5-S1 disc." Further, that the 2008 injury caused "substantial aggravation of that situation." Accordingly, there is competent and credible evidence of "substantial" aggravation.

{¶20} Appellant also contends that Masone's reliance on his review of the 2005 and 2010 CT scans in forming his opinion on substantial aggravation was not objective because he reviewed the radiologists' reports and not the CT scans themselves and thus the trial court's consideration of this evidence was in error.

{¶21} In this case, Masone reviewed the CT scan reports from the radiologists and did not independently review the CT scan images. The CT scan reports were stipulated to by both parties in terms of admissibility and authenticity. Because the CT scan reports were submitted into evidence, the fact that Masone did not personally review the CT scan images but rather reviewed the radiologists' reports in treating and diagnosing appellee goes to the weight, not the admissibility, of Masone's testimony. *Hager v. Norfolk & Western Railway Co.*, 8th Dist. Cuyahoga No. 87553, 2006-Ohio-6580; *Nieminen v. Leek*, 11th Dist. No. 2000-A-0043, 2001-Ohio-8778. It is clear from the trial court's judgment entry that it did consider the fact that Masone did not personally review the CT scans when weighing the evidence regarding the objectiveness of the CT scan comparisons, but ultimately determined, by reviewing the CT scan records and Masone's testimony, that the information utilized by Masone from the reports is reliable. As noted above, we neither weigh the evidence nor judge the credibility of the witnesses. *Cross Truck Equip. Co. v. The Joseph A. Jeffries Co.*, 5th Dist. No. CA5758, 1982 WL 2911 (Feb. 10, 1982). Accordingly, the trial court did not err in considering Masone's opinion based on the CT scans despite the fact that Masone did not review the CT scan films themselves but relied on the radiologists' reports that were admitted into evidence by stipulation of both parties.

{¶22} Appellant states this case is analogous to *Lake v. Anne Grady Corp.,* 6th Dist. Lucas No. L-12-1330, 999 N.E.2d 1203, 2013-Ohio-4740, and urges this Court to find the trial court erred based upon the rationale in the *Lake* case. However, unlike the *Lake* case cited by appellant in which the expert's affidavit only stated that objective evidence exists without stating which clinical findings or x-rays were relied upon, in this

case, appellee submitted extensive medical records and documentation as to which clinical or diagnostic tests Masone completed to diagnose appellee and form his opinion that there was substantial aggravation of appellee's L4-5 disc bulge. In addition to the detailed medical records supporting Masone's conclusion and containing the specific tests, when the tests were administered, and the results of each of the tests, Masone also testified as to the items he relied upon in rending his opinion such as physical exams, Lasegue's test, Feber's Maneuver Patrick tests, range of motion tests, comparison of MRI and CT scans before and after the injury, and his review of Todd's observations during surgery. Accordingly, the facts in this case are not analogous to those in *Lake*.

{¶23} Appellant's argument also centers on the testimony by Masone that he was "using logic" to form his opinion on substantial aggravation and appellant argues this is only subjective evidence of substantial aggravation. However, while Masone did testify regarding subjective evidence of appellee's complaints and pain before and after the incident, Masone also testified and provided in his medical records, objective clinical findings, diagnoses, and tests. These include: the change in condition as reflected in the 2005 and 2010 CT scan radiology reports reviewed by Masone, the range of motion tests conducted by Masone, the Feber's Maneuver Patrick's tests conducted by Masone, a Lasque test conducted by Masone, and counter-measures employed by Masone to minimize the likelihood of false test results. See *Brate v. Rolls-Royce Energy Systems, Inc.*, 5th Dist. No 12CA1, 2012-Ohio-4577 (finding clinical exam and observations during surgery objective); *Harrison v. Panera,* 2nd Dist. No. 25626, 2013-Ohio-5338 (comparison of MRI results and range of motion evaluation tests when

coupled with physician's tangible conclusions and counter-measures to prevent subjective tampering found to be objective); *Cassens Transport Co. v. Bohl,* 3rd Dist. No. 13-11-36, 2012-Ohio-2248 (range of motion tests when coupled with admission of detailed medical reports found to be objective).  Masone utilized these objective clinical findings, diagnoses, and tests, in addition to subjective complaints by appellee, to come to an opinion regarding substantial aggravation of a L4-5 disc bulge.  This comports with this Court's holding in *Brate v. Rolls-Royce Energy Systems, Inc.*, 5th Dist. No. 12CA1, 2012-Ohio-4577, which provides that while subjective complaints alone are insufficient to establish a substantial aggravation, "subjective complaints, coupled with objective diagnostic findings, objective clinical findings, or objective test results are sufficient."  In addition, the medical records stipulated to by both parties contain actual observations by Todd during surgery when he reported a broad based disc bulge at L4-5.

**{¶24}** The trial court was permitted to consider objective, as well as subjective, evidence of the substantial aggravation of appellee's pre-existing condition, but there had to be *some* objective evidence.  R.C. 4123.01(C); *Brate v. Rolls-Royce Energy Systems, Inc.*, 5th Dist. No 12CA1, 2012-Ohio-4577.  We find there was competent and credible evidence to support the trial court's conclusion that there was some objective evidence, coupled with subjective evidence, that appellee's injury had been substantially aggravated by the accident.  Accordingly, appellant's first and second assignments of error are overruled.

III.

**{¶25}** In its third assignment of error, appellant argues the trial court erred in relying on the expert testimony of Masone because that testimony was allegedly

contradictory and thus the trial court was precluded from relying on Masone's opinion that the second CT scan indicated the L4-5 disc bulge was worse. Appellant states that Masone was first unable to compare the CT reports as the first report did not use a grading system, but Masone then subsequently did compare the two reports.

{¶26} In *State v. ex rel. Eberhardt v. Flxible Corp.*, the Supreme Court of Ohio discussed the inherent deficiency of equivocal or contradictory opinions. 70 Ohio St.3d 649, 640 N.E.2d 815 (1994). Equivocal medical opinions have no probative value and "equivocation occurs when a doctor repudiates an earlier opinion, renders contradictory or uncertain opinions, or fails to clarify an ambiguous statement. Ambiguous statements, however, are considered equivocal only while they are unclarified. Thus, once clarified, such statements fall outside the boundaries of" the general rule that equivocal medical opinions are not evidence. *Id.*

{¶27} Masone testified that he conducted a discogram in 2010 and Dr. Uselman conducted a discogram in 2005 and, in each instance, a subsequent CT scan was done and a detailed report was issued by a radiologist reviewing the CT scan. However, Masone could not compare the two discograms "apples to apples" because the radiologists interpreting the CT scans utilized different terminology to grade the injury. In response to the testimony, the trial court specifically noted that a direct comparison of the two discograms alone is not probative as to the issue of substantial aggravation. However, as later testified to by Masone, indicated by the medial records stipulated to by the parties, and noted in the trial court's judgment entry, while the discogram results cannot be directly compared to each other, the discogram results can provide corroboration of the information in the 2010 and 2005 CT scan radiology reports.

Accordingly, upon review of the record, we find Masone's testimony was not contradictory.

{¶28} Further, even if we were to find the testimony to be conflicting and exclude the testimony of Masone regarding the worsening of the bulge from the 2005 CT scan to the 2010 CT scan, we find there is still some objective evidence (range of motion test results with counter measures, results of Febers' Maneuver Patrick Test with counter measures, results of the Laseque Test with counter measures, and observations during surgery) of substantial aggravation such that the trial court's decision was supported by competent, credible evidence and not against the manifest weight of the evidence. Appellant's third assignment of error is overruled.

IV.

{¶29} In its fourth assignment of error, appellant argues the trial court erred in making medical inferences without any supporting expert opinion. Appellant argues the trial court's conclusion that the annular tear had worsened, the disc bulge had gone from mild to moderate, and that stenosis was being demonstrated by CT scans are without supporting expert opinion as Masone never testified that a comparison of the 2005 and 2010 CT reports established a worsening of the L4-5 disc bulge as a result of the incident and because he never reviewed the actual films.

{¶30} "When an issue in a case involves a question of scientific inquiry which is not within the knowledge of lay witnesses or members of the jury, expert testimony is required to furnish the answers * * *." *Kerpelis v. Pfizer, Inc.*, 7th Dist. Mahnoning No. 03 CA 17, 2004-Ohio-3049.

{¶31} As discussed above, Masone's review of the radiologists' report rather than the actual film of the CT scans goes to the weight, not admissibility, of the evidence and the trial court properly considered this factor in weighing the evidence. With regards to the statements made by the trial court in its opinion, Masone specifically testified that in 2005 the disc bulge was mild and was worse in 2010 and that the CT scan also showed an annular tear with a moderate protrusion and stenosis. Further, in his letter of 2010, Masone opined that appellee had substantial aggravation of the pre-existing condition at the L4-5 disc and, when asked during trial whether any of questions at trial changed his opinion about the causal relationship between the work injury and the aggravation of the L4-5 preexisting condition, Masone stated that his opinion had not changed. Masone also testified that his opinion regarding the work injury causing substantial aggravation was based upon his objective tests as detailed in his testimony and medical records, along with the subjective complaints of appellee. Accordingly, the trial court did not make medical inferences without any supporting expert opinion and the trial court's conclusion was support by competent and credible evidence.

{¶32} Also, as discussed above, even if we were to exclude the trial court's alleged medical inferences dealing with the CT scans, we find there is still some objective evidence of substantial aggravation such that the trial court's decision was supported by competent, credible evidence and not against the manifest weight of the evidence. Appellant's fourth assignment of error is overruled.

V.

{¶33} Appellant finally argues the trial court erred in its judgment because the allegedly worsened annular tear at L4-5 was not the condition at issue in this appeal.

Appellant contends since this was the only medical opinion as to the specific worsening related to L4-5, there was no medical opinion as to the bulge of L4-5, the condition at issue in this appeal. The claimant "in an R.C. 4123.512 appeal may seek to participate in the fund only for those conditions that were addressed in the commission order from which the appeal is taken." *Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d1 1155 (2005).

{¶34} In his testimony, Masone confirmed that his opinion, based upon his clinical exams, training, expertise, review of diagnostic tests, and consultations with other physicians, was that appellee sustained a substantial aggravation of a pre-existing condition at the L4-5 disc called a lumbar bulge as a result of her employment on July 29, 2008. In cross-examination, Masone stated that, upon his review of the radiologist's report, appellee had a bulge towards the left. Masone stated that sometimes a radiologist will use the term "bulge" while another may identify the same injury as a "protrusion." Further, that the opinions contained in his medical records accurately reflect his opinion. Hannallah confirmed in his testimony that one person's large bulge might be someone else's small protrusion. In reviewing the medical records, it is clear that Masone continually refers to his diagnosis as a "bulging disc at L-4-L-5." In his notes after the discogram, Masone notes that postoperative diagnosis is a "bulging L4-L5 disc." Finally, Masone testified that nothing asked at the trial changed his opinion about the causal relationship between the work injury and aggravation of the disc bulge. In addition to Masone's testimony, the surgical observation of Todd, as stated in his medical records, is that apellee had a L4-5 broad-based disc bulge. Accordingly, we find there was medical evidence of a disc bulge of L4-5, the condition at issue in this

appeal. The fact that the 2010 CT scan also references annular tearing did not contradict Masone's opinion that the disc bulge had become substantially aggravated. The trial court specifically allowed the condition at issue in this case as it concluded that "the court finds, by a preponderance of the evidence, that the pre-existing bulge of Plaintiff's L4-5 disc was substantially aggravated by the work injury which occurred July 29, 2008" and appellee is "entitled to participate in the benefits provided by the Worker's Compensation Act for this injury." Accordingly, appellant's fifth assignment of error is overruled.

{¶35} Based upon the foregoing, we overrule appellant's assignments of error and affirm the January 14, 2014 judgment entry of the Fairfield County Court of Common Pleas.

By Gwin, P.J.,

Farmer, J., and

Baldwin, J., concur